UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| ALFRED WORWELL, | ) | Case No.: 3:04 CV 7409 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| GORDON LANE, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |


On July 14, 2004, Alfred Worwell ("Mr. Worwell" or "Petitioner"), *pro se*, filed a Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his October 4,

2001 conviction, after a jury trial.  Mr. Worwell was found guilty on one count of rape and one count of

kidnaping with a sexual motivation specification; he was also found to be a habitual sex offender.  Mr.

Worwell was sentenced to seven years of incarceration on each count to be served concurrently.

Mr. Worwell raises one ground of relief:

<u>Ground One</u>: DUE PROCESS REQUIRES A TRIAL JUDGE TO
CONDUCT A VOIR DIRE HEARING OF ALL THE JURORS TO
ENSURE THE SIXTH AMENDMENT RIGHT TO A FAIR JURY
TRIAL BY AN IMPARTIAL JURY ONCE THE JUDGE BECOMES
AWARE THAT THE JURY MAY HAVE BEEN INFLUENCED AND
PREJUDICED DURING DELIBERATIONS AS TO MATTERS
OUTSIDE OF THE EVIDENCE.

(Pet. for Issuance of a Writ of Habeas Corpus.)

This case was referred to Magistrate Judge David S. Perelman for preparation of a report and recommendation ("R&R"). The Magistrate Judge issued an R&R on March 10, 2005 (ECF No. 12), recommending that Mr. Worwell's Petition be dismissed. However, on March 15, 2005, Petitioner filed a Traverse to Respondent's Answer and Return of Writ (ECF No. 13). This court again referred the instant case to the Magistrate Judge to consider the arguments raised in Petitioner's latest filing. On March 29, 2005, the Magistrate Judge issued a new R&R, finding nothing in Petitioner's Traverse to alter its earlier recommendation (ECF No. 15). As of the date of this Order, Petitioner has not filed objections to either of the R&Rs filed by the Magistrate Judge. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendations. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds, after careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. The court finds that Mr. Worwell procedurally defaulted his sole ground for relief by not timely raising it on appeal to the Ohio Supreme Court. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986); *Smith v. Ohio, Dep't of Rehab. and Corr.*, 331 F. Supp. 2d 605, 619 (N.D. Ohio 2004). Mr. Worwell failed to file a timely notice of appeal to the Ohio Supreme Court and his subsequent motion for leave of that Court to file a delayed appeal was denied pursuant to Ohio Supreme Court Rule II, Section 2(A)(4)(a). Notably, this was the specific issue in front of the court in *Bonilla*.

- 2 -

Petitioner, in his Traverse, argues that this court ought to apply *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004), instead of *Bonilla*. In *Deitz,* the Sixth Circuit held that the Ohio Court of Appeals's refusal to allow petitioner to file a delayed appeal under Ohio Rule of Appellate Procedure 5(A) did not constitute an "adequate" ground to bar habeas review because Ohio App. R. 5(A) does not specify criteria the courts should use in determining whether to grant a delayed appeal. *Id.* at 810-811. The court wrote:

> The decision to grant or deny a motion for leave to appeal pursuant to rule 5(A) is therefore solely within the discretion of the appellate court. A rule that grants such discretion to the courts is not "firmly established and regularly followed" so as to be adequate within the meaning of *Maupin*.

*Id.* at 811 (citations omitted). Petitioner argues that the *Deitz* court's logic ought to extend to Ohio Sup. Ct. R. II, Section 2(A)(4)(a), because that rule also provides the Court unlimited discretion in determining whether to grant a motion for delayed appeal.

This argument is without merit. First, both *Bonilla* and *Deitz* are 2004 opinions; *Bonilla* was filed on April 27, 2004 and *Deitz* was filed on December 13, 2004. *Bonilla* directly addresses Ohio Sup. Ct. R. II, Section 2(A)(4)(a), while *Deitz* addresses Ohio App. R. 5(A). If the Sixth Circuit had wished to overrule or cast doubt on its holding in *Bonilla*, it would likely have done so explicitly. The fact that *Deitz* does not even mention *Bonilla* strongly suggests that the court's holding in *Bonilla* remains wholly intact.[1]

Second, it is reasonable that the Sixth Circuit would apply different principles to the Ohio Supreme Court's rules pertaining to motions for leave to file delayed appeals and the Ohio Court of Appeals's rules

---

[1]     Notably, both decisions were unanimous and the Hon. Ronald Lee Gilman, who wrote *Deitz,* was a member of both panels.

- 3 -

pertaining to the same.  In Ohio, defendants have an appeal as of right to the Court of Appeals.  Ohio App.

R. 4(A).  However, a non-capital appeal to the Ohio Supreme Court is largely discretionary.  Even though

one is entitled to an appeal as a matter of right when a case involves a "substantial constitutional question,"

Ohio Sup. Ct. R. II, Section 1(A)(2), the determination of whether a case involves a "substantial

constitutional question" is within the discretion of the Ohio Supreme Court.  Ohio Sup. Ct. R. III, Section

6.  Accordingly, the Sixth Circuit applies different principles in assessing the Ohio Rules of Appellate

Procedure and the Ohio Supreme Court Rules.  With respect to the Ohio Supreme Court Rules, the Sixth

Circuit has held unequivocally that when the Ohio Supreme Court applies Ohio Sup. Ct. R. II, Section

2(A)(4)(a), and denies a petitioner's motion for leave to file a delayed appeal, this "constitutes a procedural

ruling sufficient to bar federal court review of [petitioner]'s habeas corpus petition."  *Bonilla*, 370 F.3d at

497.

In sum, this court concludes that *Deitz* is inapposite and finds that Mr. Worwell procedurally

defaulted his sole ground for relief by not timely raising it on appeal to the Ohio Supreme Court.

Nevertheless, the court finds that even if this court could hear Petitioner's claim on the merits, the

failure of the trial court to conduct a full evidentiary hearing neither resulted in a decision that was contrary

to, nor involved an unreasonable application of clearly established federal law, as determined by the United

States Supreme Court, nor was the decision based upon an unreasonable determination of the facts in light

of the evidence presented.  28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000).

Accordingly, the court adopts as its own the Magistrate Judge's March 10, 2005  R&R (ECF No.

12) and March 29, 2005 R&R (ECF No. 15).  Mr. Worwell's petition for writ of habeas corpus is hereby

- 4 -

dismissed, and final judgment is entered in favor of the Respondent.  Further, the court certifies, pursuant

to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that

there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P.

22(b).

       IT IS SO ORDERED.

                  /s/ SOLOMON OLIVER, JR.
                  UNITED STATES DISTRICT JUDGE

April 27, 2005